# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LENARD WILLIAMS, #235042,<br><br>Petitioner,<br><br>v.<br><br>L.C. KNIGHT, Sheriff of Dorchester County,<br><br>Respondent. | CIVIL ACTION NO. 9:09-1682-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition was filed pro se on June 19, 2009.[1]

On September 21, 2010, the Respondent filed a return and motion for summary judgment. As the Petitioner is proceeding pro se, a Roseboro order was filed on September 22, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On October 7, 2009, the Respondent filed a supplemental return, and Petitioner filed a memorandum in

---

[1]Since there is not a filing date on the envelope to show when the Petition was received in the prison mail room, the undersigned has given Petitioner the benefit of the doubt and used the date that he signed his application. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



opposition on November 16, 2009. This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner is currently incarcerated in the Wateree River Correctional Institution, of the South Carolina Department of Corrections ("SCDC") as the result of a conviction and sentence for strong arm robbery in Dorchester County. See Exhibits Attached to Supplemental Memorandum filed on October 7, 2009 [Indictment No. 2009-GS-18-0299]. However, in his current petition, Petitioner challenges an earlier Dorchester County conviction for which he is not in custody. Id. See Petition, pp. 1-5.

With regard to the conviction cited in the Petition, Petitioner was indicted in March 1996 in Dorchester County for armed robbery [Indictment No. 96-GS-18-0166]. See Order, p. 2 in Williams v. Fredrick, No. 01-1943 (filed October 12, 2001)[procedural background is set forth in the Report and Recommendation filed on October 12, 2001, which was adopted and incorporated in the District Court's order][3]; see also Court Docket No. 22-9; Petitioner's Response for Summary Judgment. Petitioner was represented by Marva A. Hardee-Thomas, Esquire, and after a trial by jury on June 10-11, 1996, was found guilty on the charge. Id. The trial judge sentenced Petitioner to twenty (20) years imprisonment. Id; see also Petitioner's Response for Summary Judgment. The trial judge also revoked Petitioner's probation for Criminal Receipt of Goods/Services [Indictment

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]



No. 95-GS-18-85] and Possession of Crack [Indictment No. 95-GS-18-351]. See Court Docket No. 22-9.

Petitioner appealed his conviction and sentence. He was represented by Wanda H. Haile of the South Carolina Office of Appellate Defense, and raised the following issue in his appeal:

> The lower court erred in denying [Petitioner's] request for a jury instruction on circumstantial evidence.

See Order, p. 2 in Williams v. Fredrick, No. 01-1943 (filed October 12, 2001).

On December 2, 1997, the South Carolina Court of Appeals issued an order dismissing the petition and affirming Petitioner's conviction and sentence. State v. Lenard Williams, Memo Op. No. 97-UP-618 (S.C.Ct.App. Dec. 2, 1997). The Remittitur was issued on December 18, 1997.

Petitioner then filed an application for post-conviction relief ("APCR") in state circuit court on January 28, 1998; Williams v. State of South Carolina, No. 98-CP-18-106. [First APCR]; in which he raised the following issues:

1. Ineffective Assistance of Counsel;

2. Trial judge abused the discretion of the court; and

3. Lack of Subject Matter Jurisdiction.

See Order, p. 2 in Williams v. Fredrick, No. 01-1943 (filed October 12, 2001).

Petitioner was represented by Bradley David Churdar, Esquire, and an evidentiary hearing was held on March 22, 1999. The PCR judge dismissed the petition in its entirety on April 27, 1999, and no timely appeal was filed. Id.

Respondent represents, and the case history from C.A. No. 01-1943 shows, that on January 20, 2000, Petitioner apparently sent correspondence to the South Carolina Supreme Court seeking advice or assistance in perfecting an appeal. On January 24, 2000, the Clerk of the South

3



Carolina Supreme Court sent Petitioner a letter informing him that he could not provide any advice or assistance on how to proceed, and suggesting that Petitioner contact his counsel. A separate letter dated June 29, 2000 reminded Attorney Churdar that he was still Petitioner's attorney. Although it is unclear what transpired from that point, on July 12, 2000, the South Carolina Supreme Court filed an unpublished Order of Dismissal "[d]ue to the failure of petitioner to timely serve and file the Notice of Appeal . . . , as provided for in Rule[s] 203(b)(1), 203(d)(2), and 227(b) of the South Carolina Appellate Court Rules." Respondent's Brief, at p. 5; see also Court Docket Nos. 22-2, 22-9.

Petitioner then filed a second APCR in state circuit court on June 13, 2000. Williams v. State of South Carolina, No. 00-CP-18-582. [Second APCR]. See Court Docket No. 22-2. Petitioner alleged ineffective assistance of PCR counsel for failure to file an appeal. Petitioner was represented in his second APCR by William R. Hearn, Esquire, and an evidentiary hearing was held on November 2, 2001. By Order dated January 1, 2002, the PCR court granted Petitioner a belated Austin[4] appeal. Id.

Petitioner then filed a third APCR in state circuit court on June 20, 2002. Williams v. State of South Carolina, No. 02-CP-18-977. [Third APCR]. See Court Docket No. 22-2. Petitioner was represented by Darrell Thomas Johnson, Jr., Esquire, and by way of agreement, the parties consented to Petitioner being granted a belated appeal of his first APCR. Id. By Order dated June 6, 2004, the PCR court granted Petitioner a belated appeal of his first PCR. Id.

By this time, a transcript of the March 22, 1999 PCR hearing was unavailable, and by Order dated November 3, 2005, the South Carolina Supreme Court remanded this matter to reconstruct the record of the March 22, 1999 hearing. See Court Docket No. 22-4. A reconstruction

---

[4]Austin v. State, 409 S.E.2d 395 (S.C. 1991).

4



hearing was held on February 22, 2006; however, the state court judge determined that the record could not be reconstructed. See Court Docket No. 22-3. As a result, by Order dated July 20, 1996, the South Carolina Supreme Court ordered that a new PCR hearing on the 1998 application be convened. See Court Docket No. 22-4.

On June 14, 2007, the PCR court entered an order dismissing Petitioner's new APCR for failure to prosecute, as follows:

> On November 9, 2006, an evidentiary hearing was scheduled at the Dorchester County Courthouse. [Petitioner] was present and represented by Charles T. Brooks, III, Esquire. At the hearing, [Petitioner] requested that the matter be continued and that counsel be relieved. By Order dated November 28, 2006, the Honorable Edward W. Miller granted [Petitioner's] request for a continuance. Judge Miller also ordered that Mr. Brooks be relieved as counsel. Judge Miller further notified [Petitioner] that he would not be given appointed counsel since he was no longer incarcerated and working.
>
> An evidentiary hearing was convened on January 10, 2007, at the Dorchester County Courthouse. [Petitioner] was not present at the hearing. Respondent made a motion to dismiss for failure to prosecute. The Honorable James C. Williams, Jr. left the record open for thirty (30) days to determine if Respondent properly sent notice of the hearing to [Petitioner]. After checking its files, Respondent determined [Petitioner] may have resided at an address different from the one notice of the hearing was sent. Accordingly, Respondent rescheduled the matter.
>
> On April 25, 2007, an evidentiary hearing was convened at the Orangeburg County Courthouse. [Petitioner] was not present at the hearing. After the case was called the Respondent moved pursuant to Rule 41(b), SCRCP, to dismiss this matter due to the [Petitioner's] failure to prosecute. Respondent informed the Court that Petitioner had completed his sentence and had been released. Respondent also informed the Court of the history of this matter and that Respondent sent notice of the hearing to [Petitioner's] last known address.

See Court Docket No. 22-9.

Judgment was entered on July 2, 2007, and a copy of the judgment was sent to the Petitioner on July 2, 2007, at 1830 Royald Road, No. 17, Summerville, South Carolina 29483 according to the Clerk's records. See Court Docket No. 22-10.



The Respondent represents that upon information and belief that Petitioner maxed out his earlier orders of commitment around September 2003, which Petitioner does not dispute. The Respondent has also submitted a certificate of parole reflecting that the parole ending date for that earlier conviction was January 20, 2007. See Exhibit One attached to Supplemental Memorandum filed on October 7, 2009.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

> **Ground One:** I am entitled to be properly notified of any court date that I [sic] most at, by the courts.
>
>> I was present at my evidentiary hearing Nov. 9, 2006 at Dorchester Court house. Represented by Charles T. Brooks III. They offer to overturn my case that day, but [sic] I said that I would be placed in jail with a high bond. My attorney only try to convince me not to get my case overturn, in which that was my main purpose. So I ask for a continuance, so I could try and get another attorney and get bond money together. Well I was told to give the Clerk of Court my address, in which I did. But they still sent my court dates to the wrong address. Inquired to the Clerk of Court about my date but it was said that no date was set, I would receive it. On May 5, 2009, I just received an order of Dismissal from the courts. They admitted that they properly had my address wrong, but still held the hearing without me being present.

See Petition, p. 6.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7,

6



11. Further, while the Federal Court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Petitioner argues in his Petitioner that the notices sent by the state PCR court for his hearings were not sent to his correct address. However, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"]. The Respondent is also correct that alleged infirmities in PCR proceedings do not state a basis for federal habeas relief. <u>See</u> <u>Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995), <u>cert. denied</u>, 518 U.S. 1-022 (1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief . . . ."]; <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987)(per curiam)["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]; <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir. 1998)[errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief].

Petitioner's allegations do not concern his underlying conviction. Rather, they concern alleged errors relating to the notices that were sent in his state collateral proceedings. Such claims are not a basis for federal habeas relief. <u>Thompson v. Roberts</u>, No. 07-009, 2008 WL 4089315

7



at * (S.D.Ga. Sept. 2, 2008)["Simply put, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state-court has erred."] (quoting <u>Shaw v. Boney</u>, 695 F.2d 528, 530 (11th Cir. 1983)(per curiam))(quoting <u>Meyer v. Estelle</u>, 621 F.2d 769, 771 (5th Cir. 1980)). Accordingly, he has not shown a basis for entitlement to federal habeas relief. <u>Wright v. Angelone</u>, 151 F.3d 151, 159 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action].

Therefore, it is recommended that this petition be **dismissed, with prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 3, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

